IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    **Plaintiff/Respondent,**

v.                                              No. CV 07-0090 JP/LCS
                                                 CR 06-1852 JP

**HECTOR ESPINOZA-LEYVA,**

    **Defendant/Movant.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court upon Movant Espinoza-Leyva's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 filed March 28, 2006. (Doc. 1.) Movant attacks the Sentence imposed on November 28, 2006 in the case styled *United States v. Hector Espinoza-Leyva*, CR 06-1852 JP, United States District Court for the District of New Mexico.[1] (Docs. 15, 16/06CR1852.) The United States Magistrate Judge, having reviewed the Petition and having considered the submissions of the parties, the record herein, relevant authorities, and being otherwise fully advised, recommends that Movant's Petition be **DENIED**.

---

[1] References to documents in the related criminal case, 06CR1852, will be cited using the document number followed by /06CR1852. Citations using only a document number refer to the documents filed in Movant's present habeas case, 07CV90.

1

**I.     PROCEDURAL HISTORY**

1.     On August 28, 2006, the United States Attorney filed an Information charging Movant, an alien who had been previously deported from the United States, with being found in Eddy County, New Mexico unlawfully in violation of 8 U.S.C. § 1326. (Doc. 8/06CR1852.) Also on August 28, 2006, Movant was advised of the nature of the charge, waived prosecution by Indictment, and plead guilty to the Information. (Docs. 9, 11/06CR1852.) Mr. Espinoza-Leyva did not plead guilty pursuant to a plea agreement with the government. (*See* Doc. 9/06CR1852.)

2.     At his plea hearing, Movant stated that he understood his rights as a criminal defendant and agreed to waive those rights.[2] (Tr. of Plea Hr'g at 2:25; 3:1-25; 4:1-7; 8:16-25; 9:3.) Movant also stated that he had reviewed and understood the charge and possible penalties. (*Id.* at 9:4-8, 21-25; 10:1-14.) Under careful and thorough questioning by the Honorable Carmen E. Garza, Mr. Espinoza-Leyva stated that he had discussed his case and was satisfied with his attorney, understood that the Court and not his lawyer would decide his sentence after a presentence report ("PSR") was prepared, realized he could receive the maximum possible sentence, and agreed that the facts of the case as presented by the Government were true and correct. (*Id.* at 10:15-24; 11:20-25; 12:1-17; 15:5-19.) Further, Movant testified that no one was forcing or threatening him to plead guilty, nor had anyone promised him anything to plead guilty. (*Id.* at 7:6-10, 18-20.) Movant did mention that he had been treated for a physical illness but did not mention what that illness was, and he affirmed that any problem with his body did not affect his ability to understand the plea hearing proceeding. (*Id.* at 6:17-25; 7:1-5.) Accordingly, Judge Garza found that Movant was competent and capable of entering his plea, Movant was aware of

---

[2] A copy of the Plea Hearing Transcript is on file with the Court.

the charges and consequences of his plea, and his plea was knowing and voluntary.  (*Id.* at 16:7-12.)

3.      According to the PSR, Movant received a base offense level of eight pursuant to U.S.S.G. § 2L1.2(a).[3]  (PSR at 4.)  Movant received a twelve level enhancement because he was previously deported "after a conviction for a felony drug trafficking offense for which the sentence imposed was 13 months or less . . . ."  (*Id.* (citing U.S.S.G. § 2L1.2(b)(1)(B)).)  After a three level adjustment for acceptance of responsibility, Movant's total offense level was calculated at 17.  (*Id.* at 5 (citing U.S.S.G. § 3E1.1).)  Movant was found to have a criminal history category of I, which resulted in a Guideline sentencing range of 24 to 30 months.  (*Id.* at 6, 9.)  While Movant disclosed that he had been diagnosed in 1993 with tuberculosis, he reported that "'everything is fine now'" and did not report the presence of any other illness.  (*Id.* at 8.)

4.      Mr. David Kimmelman, Movant's court-appointed attorney (*see* Doc. 3/06CR1852), filed a sentencing memorandum on November 7, 2006.  (Doc. 13/06CR1852.)  In the memorandum, Mr. Kimmelman argued for a sentence below the guideline range, because Movant's prior conviction was so minor and distant in time.  (*Id.* at 1-2.)  Mr. Kimmelman disclosed that the Government had "offered Defendant a 'Fast Track Plea Agreement' whereby Defendant's final adjusted offense level would have been 15, yielding a guideline recommended sentencing range of 18-24 months."  (*Id.* at 3.)  Such an offer, Mr. Kimmelman argued, was "a tacit acceptance by the Government that the recommended guideline range would not be reasonable in Defendant's case."  (*Id.* at 3-4.)  The memorandum did not request a sentence below the guideline range for any health reason.  (*See id.* at 1-4.)  The Government responded,

---

[3] A copy of the PSR is on file with the Court.

noting that the "Sentencing Guidelines already take into account that a remote conviction should not be used to over-enhance [a defendant's] punishment[,]" and as such, Movant's prior conviction did not warrant an increase in the recommended imprisonment time.  (Doc. 14 at 2/06CR1852.)

     5.     On November 28, 2006, Movant appeared before the Honorable James A. Parker, Senior United States District Judge, for sentencing.  (Docs. 15, 16/06CR1852.)  The Court sentenced Movant to 24 months in the custody of the Bureau of Prisons.  (Doc. 15/06CR1852.)  The sentence was imposed based on an offense level of 17, a criminal history category of I, and a sentencing range of 24 to 30 months.[4]  (Tr. of Sentencing Hr'g at 3:12-14.)

     6.     At the sentencing hearing, Mr. Kimmelman spoke on behalf of Movant; Movant declined to speak on his own behalf.  (*Id.* at 4:23-25; 5:1-25; 6:1-4.)  Mr. Kimmelman explained to the Court that Movant rejected the Government's offer of a Fast Track Plea Agreement in order to "preserve the opportunity to address the Court and allow the Court to exercise its discretion . . . ."  (*Id.* at 4:25; 5:1-6.)  Mr. Kimmelman asked for a sentence outside of the guideline range, because Movant's prior conviction was thirteen years old and was the only conviction outside of the charge at issue.  (*Id.* at 5:10-25; 6:1.)  Neither Movant nor his attorney ever mentioned any current or past illness that should be considered in sentencing.  After Judge Parker sentenced Movant to 24 months, Movant's attorney asked if the Court would have accepted a plea agreement that recommended a lesser sentence.  (*Id.* at 6:13-16; 7:7-14.)  Judge Parker answered, "Well, it's a hypothetical question that I'm not sure I can answer; but, you know, I generally accept agreements made by the parties unless there is a strong reason not to."

---

[4] A copy of the Sentencing Hearing Transcript is on file with the Court.

(*Id.* at 7:15-18.)  Before Judge Parker recessed, he advised Movant of his right to appeal his sentence at no cost and reminded Movant of the ten day time limit.  (*Id.* at 7:22-25; 8:1-2.)  Movant indicated that he understood his right to appeal.  (*Id.* at 8:3-4.)

7.  Mr. Espinoza-Leyva did not file an appeal.  Movant filed the present Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 with this Court on January 24, 2007.  (Doc. 1.)  The United States filed its Response to Movant's motion on April 24, 2007.  (Doc. 6.)  Movant has not filed a Reply.

## II.  ANALYSIS

Movant raises the following issues in his Petition:

I.  Whether his attorney was constitutionally ineffective for failing to "push" Movant to take the Fast Track Plea Agreement.

II.  Whether Movant is entitled to a downward departure for his alleged medical condition.

8.  After reviewing the motions, files, and records of the case, if this Court has any question as to whether the prisoner is entitled to relief, 28 U.S.C. § 2255 directs that I hold an evidentiary hearing to "determine the issues and make findings of fact . . . ."  When reviewing the motions, the Court will liberally construe a *pro se* litigant's pleadings and hold them to a less stringent standard than pleadings drafted by an attorney.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted).  If the record conclusively shows Movant is not entitled to relief, the Court may deny his § 2255 motion without an evidentiary hearing.  28 U.S.C. § 2255; *United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988) (citation omitted).

### A. Movant has failed to demonstrate ineffective assistance of counsel.

9. Claims of ineffective assistance of counsel "present mixed questions of law and fact . . . ." *Fisher v. Gibson*, 282 F.3d 1283, 1290 (10th Cir. 2002) (citation omitted). To prove that his counsel's assistance was constitutionally ineffective, Mr. Espinoza-Leyva has the burden of meeting the two prong test formulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984).

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. . . . Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process . . . .

*Id.* at 687.

10. To clear the first prong of *Strickland*, Movant must show that "the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 690. "The proper measure of attorney performance [is] simply reasonableness under prevailing professional norms." *Id.* at 688. There is a strong presumption that the challenged actions of counsel come within this wide range; the actions must be viewed not from hindsight, but "from counsel's perspective at the time." *Id.* at 689.

11. Should Movant demonstrate that his counsel's performance was constitutionally ineffective, he must also clear the second prong of *Strickland* by showing that he suffered prejudice. *Id.* at 691-92. Any prejudice "must be made in view of the strength of the government's case." *United States v. Clonts*, 966 F.2d 1366, 1370 (10th Cir. 1992) (citation and quotation marks omitted). He must "demonstrate that there is a 'reasonable probability' that the

outcome would have been different had those errors not occurred." *Duvall v. Reynolds*, 139 F.3d 768, 777 (10th Cir. 1998) (citations and quotation marks omitted).  A reasonable probability is one "sufficient to undermine confidence in the outcome" of the prior proceeding.  *Strickland*, 466 U.S. at 694.

12. The Court need not address both prongs of the inquiry if Mr. Espinoza-Leyva makes an insufficient showing on either deficient performance or prejudice.  *Id.* at 697.  Mr. Espinoza-Leyva, in alleging ineffective assistance, bears the burden of alleging facts which, if proved, would entitle him to relief.  *Hall v. Belmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Mere conclusory allegations without factual support are insufficient to meet this burden.  *Id.* (citations omitted).

13. In his four sentences of argument, Movant fails to provide any support beyond the conclusory allegations regarding his ineffective assistance of counsel claim.  *See Hall*, 935 F.2d at 1110.  (*See also* Doc. 1 at 6.)  Movant did not submit an affidavit, nor did he cite any case law that would support his argument that Mr. Kimmelman should have pushed him into accepting the Fast Track Plea Agreement.  (*See* Doc. 1.)

14. Moreover, just as "[a] guilty plea . . . made without complete foresight" can still be voluntary, the refusal to accept a plea agreement – also without complete foresight – can still be voluntary.  *Johnson v. United States*, 539 F.2d 1241, 1243 (9th Cir. 1976).  Mr. Espinoza-Leyva, "with the assistance of his attorney, . . . [had to] consider possible defenses, weigh the costs and benefits of proceeding to trial and ultimately decide, in light of the information then available, whether to enter a guilty plea" with or without the benefit of the Fast Track Plea Agreement.  *Id.* (citing *Tollett v. Henderson*, 411 U.S. 258, 268 (1973)).  Movant admits in his cursory argument

that his attorney discussed the possible sentences he could receive with and without the plea agreement.  (*See* Doc. 1 at 6 (His "attorney only said 'well you don't want 18 months[,]' here is 24.").)  It was not incumbent on his attorney, then, to force him into choosing one alternative over the other.  "The decision to plead 'guilty' or 'not guilty' is a decision reserved solely for the accused based on his intelligent and voluntary choice."  *Wiley v. Sowders*, 647 F.2d 642, 648-49 (6th Cir. 1981) (citing *Boykin v. Alabama*, 395 U.S. 238 (1969)).

15.     Finally, Movant's claim is refuted by his own testimony at the plea hearing.  At the plea hearing, Movant agreed that he had reviewed and understood the charge and possible penalties.  (Tr. of Plea Hr'g at 9:4-8, 21-25; 10:1-14.)  Movant also testified that he had discussed his case and was satisfied with his attorney, understood that the Court and not his lawyer would decide his sentence after a PSR was prepared, realized he could receive the maximum possible sentence, and agreed that the facts of the case as presented by the Government were true and correct.  (*Id.* at 10:15-24; 11:20-25; 12:1-17; 15:5-19.)  More importantly, pursuant to FED. R. CRIM. P. 11(b)(2), the Court took great care to make sure that no one had forced, threatened, or coerced Movant into pleading guilty.  (*Id.* at 7:6-10, 18-20.)  Rule 11(b)(2) would specifically prohibit Movant's attorney from "pushing" him into entering a guilty plea.  For these reasons, Movant has not demonstrated that Mr. Kimmelman was ineffective for failing to "push" Movant into accepting the Fast Track Plea Agreement.

16.     Even if Movant could identify some relevant act or omission that was deficient, he cannot prove any prejudice.  When Mr. Kimmelman asked Judge Parker whether he would have accepted a plea agreement that recommended a lesser sentence, Judge Parker's answer was equivocal.  (Tr. of Sentencing Hr'g at 7:7-18.)  Such an equivocal answer does not satisfy the

*Strickland* test.  I recommend that Mr. Espinoza-Leyva's ineffective assistance of counsel claim be denied.

      **B.**      **Movant's second claim should be denied.**

17.      Movant also asserts that he should receive a downward departure because of his medical condition, which he describes as a "'testicular illness' (cancer?) . . . ." (Doc. 1 at 6.) Movant has failed to provide proof of his illness or to cite any law supporting his claim.  In fact, Movant never mentioned any "testicular illness" or cancer throughout the criminal proceedings in this matter.  When interviewed for the PSR, Movant disclosed that he was diagnosed in 1993 with tuberculosis, but "'everything is fine now.'" (PSR at 8.)  He did not mention any other health problems.  (*Id.*)  During his plea hearing, Movant did mention that he had been treated for a physical illness, but he did not specify the illness, its treatment, or when it occurred, and he affirmed that any physical illness did not affect his ability to understand the proceedings.  (Tr. of Plea Hr'g at 6:17-25; 7:1-5.)  Given the chance to say anything at his sentencing hearing, Movant declined.  (Tr. of Sentencing Hr'g at 6:2-4.)

18.      Regardless of whether Movant has offered proof of his illness, Movant "may not raise such a matter under a § 2255 motion unless he can show cause excusing his procedural failure to raise a claim for downward departure on direct appeal." *United States v. Burch*, 160 F. Supp. 2d 1204, 1210 (D. Kan. 2001) (citing *United States v. Cook*, 997 F.2d 1312, 1320 (10th Cir. 1993)).  Mr. Espinoza-Leyva never filed an appeal in this matter, nor does he now offer cause for this failure.  *See id.*  Movant "does not claim that his attorney was ineffective in not requesting such a departure, and the record does not suggest that his [alleged] medical condition existed at the time of sentencing." *Id.*  For these reasons, I recommend that Movant's second claim be

denied.

### III.     RECOMMENDATION

19.     I recommend that Mr. Espinoza-Leyva's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 be **DENIED**.  Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(C).  Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to § 636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102.  A party must file any objections within the ten day period if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**